09-2502-cv (L), 09-2880-cv (CON)
Wilson v. Emond

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

TONY A. WILSON,

> *Plaintiff-Appellant*,

v.                                                                                      09-2502-cv (L),
                                                                                        09-2880-cv (CON)

HOWARD E. EMOND, JR.,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| FOR APPELLANT: | Tony A. Wilson, *pro se*, Milton, DE. |
| FOR APPELLEE: | Richard Blumenthal, Attorney General for the State of Connecticut; Robert J. Deichert, Assistant Attorney General, Hartford, CT. |

Appeal from a judgment and orders of the United States District Court for the District of Connecticut (Kravitz, *J.*).

**UPON DUE CONSIDERATION** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court be **AFFIRMED**.

Plaintiff-Appellant Tony A. Wilson, *pro se*, appeals from a judgment and orders of the United States District Court for the District of Connecticut (Kravitz, *J.*) granting Defendant-Appellee Howard E. Emond, Jr.'s motion to dismiss Wilson's 42 U.S.C. § 1983 complaint against him. The complaint alleged constitutional violations and sought injunctive and declaratory relief, as well as damages against Emond in his individual capacity, arising out of Emond's participation in a hearing of the Connecticut Bar Examining Committee ("CBEC") that resulted in a denial of Wilson's application for admission to the Connecticut state bar. The district court held that it lacked subject matter jurisdiction over Wilson's claims for declaratory and injunctive relief pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and that Emond was entitled to absolute immunity as to Wilson's claims for damages. The district court also denied Wilson's motion for reconsideration of its grant of Emond's motion to dismiss, as well as Wilson's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Because *Younger* abstention is mandatory "and its application deprives the federal court of jurisdiction" over the case, we review the district court's dismissal pursuant to *Younger* de novo. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). Similarly, we review de novo a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all

reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Finally, we review the district court's denial of a motion for reconsideration and a motion under Fed. R. Civ. P. 60(b) for abuse of discretion. *See RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (per curiam) (motion for reconsideration); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)).

Among other contentions, Wilson argues on appeal that (1) *Younger* should not bar his claims because he could not actually have pursued them in state court; (2) his case is covered by both the "bad faith" and the "extraordinary circumstances" exceptions to *Younger* abstention; and (3) Emond is not entitled to absolute immunity concerning testimony he gave because he was a "complaining witness." Wilson did not raise any of these arguments in response to Emond's motion to dismiss, and raised them only for the first time in his motions for reconsideration and for Rule 60(b) relief. "Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003). Nevertheless, even if we do consider these arguments, they are all unavailing.

Under *Younger*, federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *See Younger*, 401 U.S. at 43-44. Abstention is mandatory where "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2d Cir. 2009) (quoting *Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103, 105 (2d Cir. 1997)) (internal quotation marks omitted). The Supreme Court has recognized two narrow exceptions to

3

*Younger*: (1) bad faith—"cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," *Diamond "D" Constr. Corp.*, 282 F.3d at 198 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)) (internal quotation marks omitted); and (2) extraordinary circumstances—where "'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, . . . creating an extraordinarily pressing need for immediate federal equitable relief," *id.* at 201 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975)).

Wilson's argument that *Younger* should not apply because he could not actually pursue his constitutional claims in state court is without merit. Wilson only argues that he could not raise such claims before the CBEC, but this is irrelevant because the state courts offered the relief Wilson sought. *See Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 79 (2d Cir. 2003). Nothing precluded Wilson from pleading his constitutional claims in his state court complaint appealing the denial of his bar application (in fact, he did so), and to the extent those claims were dismissed by the Connecticut Superior Court, he was free to appeal that decision.

Wilson's attempt to invoke the two exceptions to *Younger* also fails. Because it was Wilson himself who filed the bar application that initiated the CBEC proceeding, he cannot demonstrate that "the state proceeding was initiated with and [was] animated by a retaliatory, harassing, or other illegitimate motive" so as to satisfy the "bad faith" exception, *Diamond "D" Constr. Corp.,* 282 F.3d at 199, even if some alleged constitutional violation occurred during that proceeding, *see id.* ("A state proceeding that is legitimate in its purposes, but unconstitutional in its execution . . . will not warrant the application of the bad faith exception."). Moreover, because the record shows that Wilson had recourse to state judicial review of the CBEC proceeding and there is no evidence that

4

the Connecticut Superior Court would not fairly and fully adjudicate his claims, he could not show that "extraordinary circumstances" justified an exception to *Younger* abstention. *See id.* at 202.

Finally, because Emond's testimony at the CBEC hearing did not serve to initiate the CBEC proceeding, Emond was not a "complaining witness," and thus the district court properly determined that he was entitled to absolute immunity with regard to his testimony. *See Sykes v. James*, 13 F.3d 515, 520 (2d Cir. 1993).

For the foregoing reasons, the district court properly dismissed all of Wilson's claims, and, for this reason, the court did not abuse its discretion by denying Wilson's motions for reconsideration and for relief under Rule 60(b). We have considered Wilson's remaining arguments and conclude that they are without merit. The judgment and orders of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk